TURPIN *et al.*, *Appellants*, v. BAGBY *et al.*

### Division One, March 9, 1897.

1. **Ejectment**: BAPTIST CHURCH. A minority of the members of a local Missionary Baptist church can not elect themselves trustees and maintain a suit in ejectment for the church property, even though such minority may alone, of the entire membership, truly adhere to the "rules, usages, and faith of the Missionary Baptist churches of Missouri."

2. ——: ——: GOVERNMENT: DOCTRINE. Each Baptist church is independent of all others, and its officers are elected and its affairs governed by the will of the majority. The several churches, however, are organized into associations, which are advisory on all questions of "faith, doctrine, and discipline." But, even though the proper association, which embraced the church in dispute, finds that the teachings of a certain pastor were heterodox and contrary to Baptist doctrine, and a majority of the members and of the trustees of the local church adhere to the pastor's teachings, yet a minority of the members and of the trustees who submit to the finding, of the association, can not, in a legal action of ejectment, recover possession of the church property.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*W. T. Lampkin, F. S. Heffernan*, and *C. V. Buckley* for appellants.

The civil courts have jurisdiction over property rights of churches. *Watson v. Garvin*, 54 Mo. 377; *Prickett v. Wells*, 117 Mo. 502. In such cases it is the well settled law of the civil courts that the title to the church property of a divided congregation is in that part of it which is acting in harmony with its own laws, and the ecclesiastical laws, usages, customs, and principles which were accepted among them before the dispute began are the standards for determining which party is right. It is the duty of the court in such cases

to decide in favor of the faction, whether a majority or a minority of the particular congregation, who adhere to the doctrines maintained by the congregation, as also in favor of the government of the church in operation, with which it was connected at the time the trust was declared. *McRoberts v. Moudy et al.*, 19 Mo. App. 26; *Prickett v. Wells*, 117 Mo. 502; 20 Am. and Eng. Ency. Law, p. 799, and note 4, 804, 805, note 1, 809; *Congregation v. Ottesen*, 49 N. W. Rep. 24; *Mt. Zion Baptist Church v. Whitmore*, 49 N. W. Rep. 81; *Smith v. Pedigo*, 33 N. E. Rep. 777.

*Goode & Cravens* for respondents.

(1) The defendants, having been chosen as trustees by a majority of the congregation, are entitled to the property. *McRoberts v. Moudy*, 19 Mo. App. 26, 32, 33; *Bouldin v. Alexander*, 15 Wall. (U. S.) 131; *People v. Runkle*, 9 Johns. (N. Y.) 147; *Shannon v. Frost*, 3 B. Mon. (Ky.) 253. (2) Land conveyed to a church for a valuable consideration (as was the case here) belongs to the church so long as it subsists, whatever change may take place in its original tenets, and though a majority of the members secede and retain their primitive doctrines. *Organ Meeting House v. Seaford*, 1 Dev. Eq. (N. C.) 457. (3) The remedy of the plaintiffs, if there was a diversion of the property from the purposes of the trust, would be by bill in equity. *McRoberts v. Moudy*, 19 Mo. App., *supra; Mt. Zion Baptist Church v. Whitmore*, 49 N. W. Rep. 81; *Roshi's Appeal*, 69 Pa. St. 462; *Nance v. Busby*, 18 S. W. Rep. 874; *Rottman v. Bartling*, 35 N. W. Rep. 126; *Baker v. Ducker*, 21 Pac. Rep. 764.

MACFARLANE, J.—This is a suit in ejectment to recover the possession of a lot in Ash Grove, on which stands the Ash Grove Baptist church meeting house.

Turpin v. Bagby.

The suit is prosecuted by plaintiffs, who claim to be the trustees of said church, against the defendants, who are the trustees elected by a majority of the members of the church.

The church is an unincorporated religious body of the Baptist denomination, composed of about seventy members. In 1874 the lot in question was conveyed to the trustees of said church in trust to be "used, kept, maintained and disposed of as a place of divine worship for the use of the Ash Grove Baptist church, in the county of Greene, and state of Missouri, while said church shall be governed by the rules, usages and faith of the Missionary Baptist churches of the state of Missouri."

It seems that a preacher of the name of Carter was employed by the congregation as pastor, who held to and taught some doctrines which a small minority of the congregation believed to be contrary to the faith and teachings of the Baptist churches in Missouri. One of those was plaintiff Turpin, who was one of the trustees of the church. He absented himself from the services of the church and otherwise failed in his church duties, as was thought by a majority of the members, and was therefor expelled from the church and a trustee was appointed in his place.

Afterward said plaintiff Turpin and eight members of the Ash Grove church held a meeting and appointed the three plaintiffs trustees, who now claim the right to control the church property. Defendants, as trustees of the regular organization, deny plaintiffs' right.

It is stated in the answer that two of the plaintiffs had withdrawn from the suit, but no proof of the fact was offered.

Each Baptist church is independent of any other, and its officers are elected and its affairs are governed by the will of the majority. The faith and doctrines

of the churches are, however, as well defined as those of any other ecclesiastical body. While each church has no supervising head, the several churches are organized into associations, which are advisory on all questions of faith, doctrines and discipline. The orthodoxy of Carter was referred to the association of churches of Greene county, and that body, after investigation, found him to be "heterodox in his teachings," and recommended that he be "deposed from the gospel ministry and excluded from the fellowship of our churches."

Evidence was offered by plaintiffs tending to prove that a majority of the members of the church believed and taught on these questions as did Mr. Carter, and refused to accede to the advice of the association. This evidence the court rejected.

At the conclusion of the evidence offered by plaintiffs the court directed a verdict for defendants, and from a judgment thereon plaintiffs appeal.

No rules or usages of the Baptist denomination of Christians, so far as appears from this record, authorize a small minority of the members to hold a private meeting and elect officers and trustees, and thereby take possession of the church property, and assume the spiritual and temporal control of the affairs of the church society. Such a practice, if approved, would encourage factional dissension and quarrels in church congregations, which would be intolerable to the communities, and destructive to religious influences and to church government and discipline.

The congregation of the Ash Grove church, under the government and usages of the Baptist denomination, had the sole power to appoint its trustees and the legal title to the property is vested in those regularly appointed, and can not be divested by the vote of a small minority acting independently though they may

alone of the membership truly represent and' be governed by the "rules, usages and faith of the missionary Baptist churches of the state of Missouri."

Plaintiffs do not, therefore, hold the legal title to the property sued for, and can not recover the possession by the legal action of ejectment, though the church may not now be governed by the "rules, usages and faith of the Baptist churches in Missouri," and though the property may thus be divested from the trusts impressed upon it under the grant.

We do not deem it necessary to consider other questions so ably discussed on this appeal, but hold with the learned circuit judge that plaintiffs are not entitled to recover the property in this action.

The judgment is affirmed.    All concur.