## Marsh et al. v. Johnson.

(Decided April 30, 1935.)

306

WAUGH & HOWERTON for appellant.

BLAKELY & MURPHY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The judgment is for $680 against the officers of the Pike Street Pilgrim Holiness Church, in Covington, for salary due the appellee, the Reverend J. Thomas Johnson, as pastor. The case was tried by the court without a jury upon stipulations of the facts, only the material substance of which need be stated.

The plaintiff, an ordained and licensed minister of the Pilgrim Holiness Church, was employed by the local church board for one year, beginning September 1, 1932, at a salary of $20 a week and the use of a parsonage of the agreed value of $40 a month. He entered upon his ministry and received his salary until February 8, 1933, and resided in the parsonage until May 17, 1933. Section 115 of the Manual of the Pilgrim Holiness Church, by which the local church was being governed, provided that charges preferred against a minister should be tried by the District Council of the district of which he is a member. The accused had the right, if aggrieved by its decision, to appeal to the General Board. Upon a trial by the District Council of charges preferred against him, Mr. Johnson's license to preach was revoked and he was discharged from the ministry of the church. Soon thereafter he secured a position as pastor of another church, but earned only $240 between February 8, 1933, and September 1, 1933, when his contract with the appellants ended according to its terms. The charges upon which the plaintiff was tried are set forth in the stipulations. An appeal to the General Board of the church was pending at the time of this trial. It appears that there was a second amended stipulation filed, but it is not in the record before us,

nor is there a transcript of the evidence heard by the District Council, which it is stipulated would be filed.

It is fair to say that the accusations against the appellee involved no moral turpitude. They were of the nature of unorthodox policies and practices, a breach of ministerial etiquette, and, apparently, manifestations of personal and professional jealousies.

The character of the organization of this church is not developed by the record, but it seems to be synodical or presbyterial in its form of government. The local church, or at least its minister in respect of ordination and discipline, is controlled by superior and general bodies, and their decisions are binding upon all. See Thomas v. Lewis, 224 Ky. 307, 6 S. W. (2d) 255; 23 R. C. L. 424. Sufficient for the legal aspect, it is shown that the appellee was tried according to the church law by a properly constituted ecclesiastical body and his right to continue in the ministry of the church was denied him.

In recognition of the vital principle of separation of church and state, this court, as have all others, has consistently declared that the secular courts have no jurisdiction over ecclesiastic controversies and will not interfere with religious judicature or with any decision of a church tribunal relating to its internal affairs, as in matters of discipline or excision, or of purely ecclesiastical cognizance. In such matters relating to the faith and practice of the church and its members, the decision of the church court is not only supreme, but is wholly without the sphere of legal or secular judicial inquiry. Every person who assumes the relation of minister or member of a church impliedly, if not expressly, voluntarily covenants to conform to its canons and rules and to submit to its authority and discipline. Lucas v. Case, 72 Ky. (9 Bush), 297, 302. The opinion of Judge Robertson in Gartin v. Penick, 68 Ky. (5 Bush) 110, 112, is an eloquent and exhaustive treatment of this principle of separation of church and state. However, we are among those which hold that the state courts may and should protect clerical and membership prerogatives involving some contract or property right from arbitrary action of those who may constitute the church tribunals and will see that those rights are not denied otherwise than according to the rules and laws

of the particular church. Watson v. Avery, 65 Ky. (2 Bush) 332, 349; Gartin v. Penick, 68 Ky. (5 Bush) 110; Kinkead v. McKee, 72 Ky. (9 Bush) 535; Perry v. Wheeler, 75 Ky. (12 Bush) 541; Hall v. Hall, 177 Ky. 430, 197 S. W. 799; Thomas v. Lewis, supra; ·Clapp v. Krug, 232 Ky. 303, 22 S. W. (2d) 1025; 23 R. C. L. 429, 440.

Difficulty is sometimes met in making application of the rule of noninterference because the line of demarcation between civil and religious rights and the obligations in the particular case may not be clear. But the nature of the charges in the instant case makes easy the determination that the courts of the state should not, and could not, question the power and action of the church court which resulted in depriving the appellee of his credentials as a minister. There is no question here presented of any lack of authority or of any arbitrary action on the part of the District Council in determining the guilt of the appellee, nor is there any claim asserted that the trial was not in accordance with the rules of the church. It was not, therefore, within the province of the court to consider the merits of the accusation or to review the action of the church court.

The contract whereby the appellee became the pastor of the local church and by which its officers obligated it to compensate him was entered into, of course, with knowledge of the powers and authority of the church judicature. The relation was assumed subject to the rules of the church, and the promise to pay the salary was, as a necessary legal implication, conditioned upon the pastor continuing as a duly licensed minister of the general church of which it was a part, and was subject to his suspension or expulsion from the right to exercise clerical and ministerial functions within the organization. The parties are bound by the decision and sentence of the District Council until and unless its action should be set aside by the church appellate tribunal. Perry v. Wheeler, supra. The courts all recognize that where a minister has been deposed by the proper church authorities for an ecclesiastical offense, he no longer has the right to exercise the prerogatives of his office nor the right to further salary and emoluments. Perry v. Wheeler, supra; 23 R. C. L. 464, 466; St. Vincent's Parish v. Murphy, 83 Neb. 630, 120 N. W. 187, 35 L. R. A. (N. S.) 919; notes, 35 L. R. A. (N. S.)

921. The decision of the District Council operated to dissolve the ministerial relation theretofore existing and to abrogate the contract for compensation.

We are of the opinion, therefore, that the trial court should have dismissed the petition.

The judgment is accordingly reversed.